FITAPELLI & SCHAFFER, LLP
Brian S. Schaffer
Jeffrey H. Dorfman
475 Park Avenue South, 12th Floor
New York, New York 10001
Telephone: (212) 300-0375
Fax: (212) 481-1333

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROY JOHNSTON,<br><br>Plaintiff,<br><br>-against-<br><br>SHOWROOM AUTO, LLC and BERNARD CHRIS MERCEUS,<br><br>Defendants. | COMPLAINT<br>(JURY TRIAL DEMANDED) |

Plaintiff Roy Johnston ("Johnston"), individually, upon personal knowledge as to himself and upon information and belief as to other matters, alleges as follows:

### NATURE OF THE ACTION

1. This lawsuit seeks to recover minimum wages, overtime compensation, unlawful deductions, statutory penalties, compensatory and punitive damages for Plaintiff, who worked as a sales representative at Showroom Auto, an automobile dealership located at 42-08 35th Avenue, Long Island City, New York 11101.

2. Showroom Auto is owned and operated by Defendants Showroom Auto, LLC and Bernard Chris Merceus (collectively, "Defendants").

3. Throughout its existence, Showroom Auto has failed to pay Plaintiff, a commissioned sales representative, minimum wage for all hours worked up to 40 per workweek and overtime pay at time and one half the full minimum wage for all hours worked in excess of 40 per workweek. In that regard, Showroom Auto misclassified Plaintiff as a 1099 employee.

4. Showroom Auto paid Plaintiff pursuant to a commission agreement plus a weekly salary of $150.00. However, when Plaintiff did not earn any commissions in a given pay period, he was compensated below the minimum wage for all hours worked. Moreover, when Plaintiff did not receive any commissions, he also was owed overtime pay at time and one half the full minimum wage for hours worked in excess of 40 hours per week.

5. Moreover, Showroom Auto unlawfully reduced Plaintiff's commissions by imposing "charge backs" on his sales. Through these "charge back" deductions, Defendants reduced the gross profits on the "front end" of the sale, lowering Plaintiff's commissions, for reasons including, but not limited to: unexplained charges, repairs and/or replacements for broken or malfunctioning parts, gas, installations, and other miscellaneous refunds given to customers.

6. In addition to Plaintiff's wage claims, Plaintiff files this action to recover damages for discrimination based upon his disability. In that regard, Plaintiff informed Defendants that he had been injured in a car accident and required time-off to recover from his injuries. However, less than one week after his accident, Defendants fired Plaintiff due to his disability, rather than giving him a reasonable accommodation.

7. Plaintiff brings this action on behalf of himself to remedy violations of the wage-and-hour provisions of the Fair Labor Standards Act ("FLSA"), the New York Labor Law ("NYLL") Article 6, §§ 190 *et seq.*, and Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations by Defendants that have deprived Plaintiff of his lawfully earned wages.

8. Moreover, Plaintiff brings this action to recover damages for disability discrimination committed by Defendants against Plaintiff in violation of the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code §8-107 *et seq.*

## THE PARTIES

### **Plaintiff**

#### **Roy Johnston**

9. Johnston is an adult individual who is a resident of Forest Hills, New York.

10. Johnston was employed by Defendants as a sales representative and floor manager at Showroom Auto from in or around May 2013 to July 21, 2014.

11. Johnston is a covered employee within the meaning of the FLSA, the NYLL, and the NYCHRL.

12. A written consent form for Johnston is attached to this Complaint.

### **Defendants**

13. Defendants jointly employed Plaintiff at all times relevant. Each Defendant has had substantial control over Plaintiff's working conditions, and over the unlawful policies and practices alleged herein.

14. During relevant times, Defendants were Plaintiff's employers within the meaning of the FLSA.

#### **Showroom Auto, LLC**

15. Together with the other Defendant, Defendant Showroom Auto, LLC has owned and/or operated Showroom Auto during the relevant period.

16. Showroom Auto, LLC is a domestic limited liability company organized and existing under the laws of New York.

17. Showroom Auto, LLC's principal executive office is located at 42-08 35th Avenue, Long Island City, New York 11101.

18. Showroom Auto, LLC is a covered employer within the meaning of the FLSA, the

NYLL, and the NYCHRL, and, at all times relevant, employed Plaintiff.

19. Upon information and belief, at all relevant times, Showroom Auto, LLC employed over four individuals.

20. At all relevant times, Showroom Auto, LLC has maintained control, oversight, and direction over Plaintiff, including timekeeping, payroll and other employment practices that applied to him. In fact, Showroom Auto, LLC is the corporate entity that appeared on all of Plaintiff's paystubs.

21. At all times relevant, Showroom Auto, LLC's annual gross volume of sales made or business done was not less than $500,000.00.

**Bernard Chris Merceus**

22. Together with the other Defendant, Defendant Bernard Chris Merceus ("Merceus") has owned and/or operated Showroom Auto during the relevant period.

23. Upon information and belief, Merceus is a resident of the State of New York.

24. Upon information and belief, at all relevant times, Merceus has been the founder, owner, and operator of Showroom Auto.

25. At all relevant times, Merceus has had power over personnel decisions at Showroom Auto, including the power to hire and fire employees, set their wages, and otherwise control the terms and conditions of their employment. In fact, Merceus hired and fired Plaintiff, and set Plaintiff's schedule.

26. At all relevant times, Merceus has had power over payroll decisions at Showroom Auto, including the power to retain time and/or wage records.

27. At all relevant times, Merceus has been actively involved in managing the day to day operations of Showroom Auto. In fact, Merceus is a constant presence at Showroom Auto and

regularly supervises Plaintiff and other employees at Showroom Auto.

28. At all relevant times, Merceus has had the power to stop any illegal pay practices that harmed Plaintiff.

29. At all relevant times, Merceus has had the power to transfer the assets and/or liabilities of Showroom Auto.

30. At all relevant times, Merceus has had the power to declare bankruptcy on behalf of Showroom Auto.

31. At all relevant times, Merceus has had the power to enter into contracts on behalf of Showroom Auto.

32. At all relevant times, Merceus has had the power to close, shut down, and/or sell Showroom Auto.

33. Defendant Merceus is a covered employer within the meaning of the FLSA, the NYLL, and the NYCHRL and at all times relevant, employed and/or jointly employed Plaintiff.

## JURISDICTION AND VENUE

34. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337, and jurisdiction over Plaintiff's city law claims pursuant to 28 U.S.C. § 1367.

35. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

36. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## PLAINTIFF'S FACTUAL ALLEGATIONS

37. Consistent with their policies and patterns or practices as described herein, Defendants harmed Plaintiff as follows:

38. Defendants did not pay Johnston the proper minimum wage and overtime pay for all of the time that he was suffered or permitted to work each workweek.

39. During his employment, Johnston generally worked the following hours, unless he missed time for vacation, sick days and/or holidays: six days per week from approximately 9:00 a.m. to 9:00 – 11:00 p.m. (averaging approximately 72-84 hours per week).

40. Throughout his employment as a sales representative, Defendants have paid Johnston a fixed weekly salary of $150.00 plus commissions, regardless of the total number of hours he worked each week.

41. As a result, in the weeks when Plaintiff did not earn commissions, he did not receive at least minimum wage for all hours worked up to 40, nor did he receive overtime pay at time and one half the full minimum wage for all hours worked in excess of 40 per week.

42. For example, for all weeks that Johnston did not receive commissions, he would be paid $150.00 per week, thus his regular hourly rate was $3.75 ($150.00 divided by 40 hours), which falls well below the applicable minimum wage rate ($7.25 in 2013 and $8.00 in 2014). Moreover, Johnston's overtime rate should have been time and one-half the minimum wage rate for all hours worked over 40 per workweek. For example, according to Johnston's paystub dated May 30, 2014, for the pay period of May 25, 2014 to May 31, 2014, Johnston did not receive any commissions, and thus only was compensated by his weekly salary of $150.00. Johnston should have been paid $8.00 per hour for 40 hours, totaling $320.00 ($8.00 multiplied by 40 hours) in minimum wage pay, and $12.00 ($8.00 multiplied by 1.5) per hour

for all hours worked over 40 per week, totaling at least $384.00 ($12.00 multiplied by 32 overtime hours), for a total of $704.00 (a difference of $554.00)[1]. Plaintiff is entitled to difference between $704.00 and the compensation he received.

43. Throughout his employment, Johnston, a sales representative, was misclassified as a 1099 employee since Defendants exercised a sufficient level of control over him.

44. In that regard, Defendants required Johnston to arrive at a scheduled time every day. Johnston's set schedule (listed above), included typically 12-14 hour days, 6 days per week. In fact, if Johnston wanted to take a day off, he had to get permission from Defendants. Johnston had no discretion to alter his schedule or work day.

45. Additionally, throughout his employment, Johnston's duties were assigned to him by Defendants. Moreover, Johnston was required to sell cars within a pre-determined price range set by Defendants, and was also required to sell customers additional "reconditioning fees" on top of the price of the car.

46. Defendants failed to furnish Johnston with proper annual wage notices, as required by the NYLL.

47. Defendants failed to furnish Johnston with a proper wage statement with every payment of wages, as required by the NYLL.

48. On or around the morning of July 15, 2014, Plaintiff was involved in a car accident on his way to work. Plaintiff suffered various medical injuries as a result of the accident, including, but not limited to, a herniated disc in his back, a torn rotator cuff, a hairline fracture in his knee, and other miscellaneous lacerations and bruises. Plaintiff informed Defendants that he was not going to be able to come into work as he was injured and being transported to the hospital as a result of the car accident. When Plaintiff was discharged from the hospital later that

---

[1] Based off of a 72 hour workweek.

day, he was in a back brace and required the use of a cane to walk. Plaintiff again contacted Defendants to update them on his injuries.

49. The following day, on or around July 16, 2014, Plaintiff communicated with Defendants regarding customers and work-related business. Plaintiff could not go into work and informed Defendants that his doctor ordered bed rest until further notice. Moreover, Plaintiff's fiancé delivered a doctor's note to Defendants as further proof that he was not able to work. Even though Plaintiff was ordered bed rest, he continued to perform his duties from home by contacting customers for Defendants.

50. The following week, on or around Monday July 21, 2014, Plaintiff again informed Defendants that he was unable to come into work because he had an appointment with an orthopedist to further evaluate his injuries. Later that day, Plaintiff received a text message from Defendant Merceus informing him that they "decided to move on without [him]." After Defendants confirmed that Plaintiff was in fact fired, Plaintiff explained that he had a "serious injury" which was the reason he was unable to work. Defendants ignored Plaintiff's plea, and ended Plaintiff's employment.

51. Defendants' reasoning for Plaintiff's termination was his lack of respect for the opportunity to work. However, Plaintiff was clearly unable to work because of the injuries he sustained, and Defendants were aware of his situation. Thus, the reason Defendants gave for his termination was clearly pretext, as Plaintiff was terminated due to his disability.

52. Pursuant to, and as required by §8-502 of the New York City Human Rights Law, plaintiff has also served a copy of this complaint upon the City Commission on Human Rights and Corporation Counsel.

## FIRST CAUSE OF ACTION
### Fair Labor Standards Act – Minimum Wages

53. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

54. Defendants failed to pay Plaintiff the minimum wages to which he is entitled under the FLSA.

55. Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA, as detailed in this Complaint.

56. At all times relevant, Plaintiff was engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 203(e), (m) and 206(a).

57. At all times relevant, Plaintiff was an employee within the meaning of 29 U.S.C. §§ 203(e), (m) and 206(a).

58. At all times relevant, Defendants have been individual employers and/or joint employers engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 203(e) and 206(a).

59. Defendants were required to pay directly to Plaintiff the applicable federal minimum wage rate for all hours worked.

60. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff.

61. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

62. As a result of Defendants' violations of the FLSA, Plaintiff has suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation.

## SECOND CAUSE OF ACTION
### Fair Labor Standards Act – Overtime Wages

63. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

64. The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendants and protect Plaintiff.

65. Defendants have failed to pay Plaintiff overtime wages for all hours that he worked in excess of 40 hours in a work week.

66. As a result of Defendants' unlawful acts, Plaintiff has been deprived of overtime compensation and other wages in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to the FLSA.

## THIRD CAUSE OF ACTION
### New York Labor Law – Minimum Wage

67. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

68. Defendants failed to pay Plaintiff the minimum wages to which he is entitled under the NYLL.

69. Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Complaint.

70. At all times relevant, Plaintiff has been an employee and Defendants have been employers within the meaning of the NYLL §§ 190, 651(5), 652 and the supporting New York State Department of Labor Regulations.

71. The minimum wage provisions of Article 19 of the NYLL and the supporting New York State Department of Labor regulations apply to Defendants and protect the Plaintiff.

72. Defendants were required to pay Plaintiff a minimum wage at a rate of (a) $7.25 per hour for all hours worked from May 2013 through December 31, 2013; and (b) $8.00 per hour for all hours worked from January 1, 2014 through July 15, 2014, under the NYLL § 652 and the supporting New York State Department of Labor regulations, including but not limited to the regulations in 12 N.Y.C.R.R. § 137-1.2.

73. Defendants failed to pay Plaintiff the minimum hourly wages to which he is entitled under the NYLL and the supporting New York State Department of Labor regulations.

74. By Defendants' knowing or intentional failure to pay Plaintiff minimum hourly wages, they have willfully violated the NYLL Article 19 §§ 650 *et seq.* and the supporting New York State Department of Labor regulations, including but not limited to the regulations in 12 N.Y.C.R.R. § 137-1.2.

### FOURTH CAUSE OF ACTION
### New York Labor Law – Overtime Wage

75. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

76. The overtime wage provisions of Article 19 of the NYLL and its supporting regulations apply to Defendants and protect Plaintiff.

77. Defendants have failed to pay Plaintiff the overtime wages to which he is entitled under the NYLL and the supporting New York State Department of Labor Regulations.

78. By Defendants' knowing or intentional failure to pay Plaintiff overtime wages for hours worked in excess of 40 hours per week, they have willfully violated NYLL Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

79. Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants his unpaid overtime wages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

### FIFTH CAUSE OF ACTION
### New York Labor Law – Unlawful Deductions from Wages

80. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

81. Defendants have made unlawful deductions from the wages of Plaintiff, including, but not limited to, deductions for "charge backs."

82. The deductions made from the wages of Plaintiff were not authorized or required by law.

83. The deductions made from the wages of Plaintiff were not expressly authorized in writing by Plaintiff, and were not for the benefit of Plaintiff.

84. Through their knowing or intentional efforts to permit unauthorized deductions from the wages of Plaintiff, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

85. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover from Defendants the amounts of all unlawful deductions, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## SIXTH CAUSE OF ACTION
### New York Labor Law – Failure to Provide Proper Annual Wage Notices

86. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

87. Defendants have willfully failed to furnish Plaintiff with wage notices as required by NYLL, Article 6, § 195(1), in English or in the language identified by Plaintiff as his primary language, at the time of hiring, and on or before February first of each subsequent year of the employee's employment with the employer, a notice containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

88. Through their knowing or intentional failure to provide Plaintiff with the wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

89. Due to Defendants' willful violations of NYLL, Article 6, § 195(1), Plaintiff is entitled to statutory penalties of fifty dollars per week that Defendants failed to provide Plaintiff with wage notices, or a total of twenty-five hundred dollars, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-b).

## SEVENTH CAUSE OF ACTION
### New York Labor Law – Failure to Provide Proper Wage Statements

90. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

91. Defendants have willfully failed to furnish Plaintiff with a statement with every payment of wages as required by NYLL, Article 6, § 195(3), listing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular and overtime hours worked.

92. Through their knowing or intentional failure to provide Plaintiff with the wage statements required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

93. Due to Defendants' willful violations of NYLL, Article 6, § 195(3), Plaintiff is entitled to statutory penalties of one hundred dollars for each week that Defendants failed to provide Plaintiff with accurate wage statements, or a total of twenty-five hundred dollars, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-d).

## EIGHTH CAUSE OF ACTION
### New York City Human Rights Law – Disability Discrimination

94. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

95. Plaintiff suffers from a disability, within the meaning of The New York City Human

Rights Law, N.Y.C. Admin. Code §8-102.

96. By and through their course of conduct, Defendants, their managers, agents and/or employees' agents unlawfully discriminated against Plaintiff because of his disability in violation of the New York City Human Rights Law, N.Y.C. Admin. Code §8-107 *et seq*.

97. Plaintiff, who suffered from a series of medical conditions, is a member of a protected class and was treated differently than others outside his protected category while employed by Defendants.

98. Defendants, their managers, agents and/or employees engaged in such discriminatory conduct intentionally and maliciously, and showed a deliberate, willful, wanton and reckless disregard of Plaintiff and his rights under the New York City Human Rights Law, by subjecting him to discrimination based upon his disability.

99. The conduct described in this Complaint was unwelcome and opposed by Plaintiff.

100. Plaintiff requested a reasonable accommodation, by requesting that he be allowed to take days off to deal with his medical condition.

101. Defendants did not effectively communicate, follow, enforce or properly instruct their managers, agents and/or employees of their policy against discrimination.

102. Defendants are directly and vicariously liable for said disability based discrimination.

103. As a direct and proximate result of Defendants' unlawful discriminatory actions, Plaintiff has suffered damages and injuries, including, but not limited to, loss of pay and emotional distress.

104. That the aforesaid conduct of Defendants, their managers, agents and/or employees engaged in such discrimination intentionally and maliciously, and showed a deliberate, willful, wanton and reckless disregard of Plaintiff, and deprived him of his rights under the New York

City Human Rights Law, thereby entitling Plaintiff to an award of punitive damages.

## NINTH CAUSE OF ACTION
### New York City Human Rights Law – Aiding and Abetting

105. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

106. Defendant Merceus aided and abetted Defendant Showroom Auto, LLC in their disability discrimination against Plaintiff, in violation of New York City Human Rights Law, N.Y.C. Admin. Code §8-107.

107. Defendant Merceus engaged in such unlawful aiding and abetting intentionally and maliciously, and showed a deliberate, willful, wanton and reckless disregard of Plaintiff and his rights under the New York City Human Rights Law.

108. As a direct and proximate result of Defendant's unlawful aiding and abetting, Plaintiff has suffered damages and injuries, including, but not limited to, loss of pay and emotional distress for which Defendants are directly and vicariously liable.

109. The aforesaid conduct of Defendants, their managers, agents and/or employees engaged in such discrimination intentionally and maliciously, and showed a deliberate, willful, wanton and reckless disregard of Plaintiff, and deprived him of his rights under the New York City Human Rights Law, thereby entitling Plaintiff to an award of punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that this Court enter judgment in his favor against Defendants and grants the following relief:

A. Unpaid minimum wages, overtime pay, and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

B. Unpaid minimum wages, overtime pay, unlawful deductions interest, and other unpaid wages pursuant to NYLL Article 6, §§ 190 *et seq.* and Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations;

C. Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under NYLL Article 6, §§ 190 *et seq.* and NYLL Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations;

D. Pre-judgment interest and post-judgment interest;

E. Statutory penalties of fifty dollars for each workweek that Defendants failed to provide Plaintiff with wage notices, or a total of twenty-five hundred dollars, as provided for by NYLL, Article 6 § 198;

F. Statutory penalties of one hundred dollars for each workweek that Defendants failed to provide Plaintiff with accurate wage statements, or a total of twenty-five hundred dollars, as provided for by NYLL, Article 6 § 198;

G. An injunction requiring Defendants to pay all statutorily required wages pursuant to the NYLL;

H. An award of damages in an amount to be determined at trial, plus prejudgment interest to compensate Plaintiff for all monetary and/or economic damages, including, but not limited to, the loss of past and future income, wages, compensation, seniority, and other benefits of employment;

I. An award of damages in an amount to be determined at trial, plus prejudgment interest to compensate Plaintiff for all non-monetary damages, severe mental anguish and emotional distress, including, but not limited to, humiliation, embarrassment, stress, anxiety, loss of self esteem, loss of self confidence, loss of personal dignity and any other physical and mental

injuries;

  J.  An award of punitive damages in an amount to be determined at trial;

  K.  Reasonable attorneys' fees, costs and expenses incurred in the prosecution of the action;

  L.  Such other relief as this Court shall deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, the Plaintiff demands a trial by jury.

Dated:  New York, New York
     November 10, 2015

Respectfully submitted,

_____
Brian S. Schaffer

**FITAPELLI & SCHAFFER, LLP**
Brian S. Schaffer
Jeffrey H. Dorfman
475 Park Avenue South, 12th Floor
New York, New York 10016
Telephone: (212) 300-0375
Fax: (212) 481-1333

*Attorneys for Plaintiff*

# FAIR LABOR STANDARDS ACT CONSENT

1. I consent to be a party plaintiff in a lawsuit against SHOWROOM AUTO LLC and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

2. By signing and returning this consent form, I hereby designate FITAPELLI & SCHAFFER, LLP ("the Firm") to represent me and make decisions on my behalf concerning the litigation and any settlement. I understand that reasonable costs expended on my behalf will be deducted from any settlement or judgment amount on a pro rata basis among all other plaintiffs. I understand that the Firm will petition the Court for attorney's fees from any settlement or judgment in the amount of the greater of: (1) the "lodestar" amount, calculated by multiplying reasonable hourly rates by the number of hours expended on the lawsuit, or (2) 1/3 of the gross settlement or judgment amount. I agree to be bound by any adjudication of this action by a court, whether it is favorable or unfavorable.

_____
Signature

ROY JOHNSTON
_____
Full Legal Name (Print)

