**Ira B. Pollack & Associates, PLLC**
**Ira B. Pollack, Esq.**
118-35 Queens Boulevard, 9th Floor
Forest Hills, New York 11375
Tel: (718) 261-7700 x181
Fax (718) 709-0071
Email: irabpollack@yahoo.com


UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

ROY JOHNSTON,

                      Plaintiff,                Case No.: 15-CV-6428

- against -                        **ANSWER,**
                                                **AFFIRMATIVE DEFENSES,**
                                               **COUNTERCLAIM and**
                                               **JURY DEMAND**

SHOWROOM AUTO, LLC and
BERNARD CHRIS MERCEUS,

                      Defendants.
------------------------------------------------------------------------X

     Defendants, SHOWROOM AUTO, LLC and BERNARD CHRIS MERCEUS., by and through their attorneys, Ira B. Pollack & Associates, PLLC, as for their answer to the complaint (the "Complaint"), alleges as follows upon information and belief:

     1. The Defendants deny the allegations contained in paragraphs numbered 1, 10 and 20 of the Complaint except admit that Plaintiff worked as a sales representative for Defendant SHOWROOM AUTO, LLC ("Showroom") at 42-08 35th Avenue, Long Island City, New York.

     2. As to the allegations contained in paragraph number 2 of the Complaint, Defendant

Showroom admits it operates Showroom but Defendants otherwise denies the assertions therein, including a denial that Bernard Chris Merceus is an owner.

3. Defendants deny the allegations contained in paragraphs numbered 3, 5, 6, 13, 14, 15, 22, 24, 27, 28, 29, 30, 32, 33, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 49, 50, 51, 54, 55, 58, 60, 61, 62, 65, 66, 68, 69, 70, 71, 72, 73, 74, 76, 77, 78, 79, 81, 82, 83, 84, 85, 87, 88, 89, 91, 92, 93, 96, 97, 98, 99, 100, 101, 102, 103, 104, 106, 107, 108 and 109 of the Complaint.

4. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs numbered 9, 19, 48 and 52 of the Complaint.

5. Defendant Showroom denies the allegations contained in paragraphs numbered 8, 11, 18, 56, 57, 59, 64 and 95 of the Complaint, except respectfully refers all questions of law to the Court.

6. As to the allegations contained in paragraphs numbered 4, 25 and 26 of the Complaint, Defendant Showroom admits it paid Plaintiff a weekly salary and commission as a sales representative but Defendants otherwise deny the assertions therein.

7. As to the allegations contained in paragraphs numbered 7, 34, 35 and 36 of the Complaint, Defendants deny the allegations contained therein inasmuch as said allegations constitute conclusion of laws, not averments of fact, and refer all questions of law as may be contained therein to the Court.

8. Denies the allegation contained in paragraph number 12 of the complaint except admits that a form is attached to the complaint.

9. As to paragraphs numbered 53, 63, 67, 75, 80, 86, 90, 94 and 105 of the Complaint, Defendants repeat and reiterate all the admissions and denials contained in the foregoing answer which are set forth in answer to paragraphs numbered 1 through 109 of the Complaint with the

same force and effect as if more fully set forth at length herein.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

10. As a commissioned sales representative working for a retail establishment, Plaintiff was exempt from requirements that he be paid overtime premium pay (at time and one-half the regular rate of pay) for all hours worked over 40 hours in a work week.

11. The representative period for determining Plaintiff's commissions was monthly.

12. More than half of Plaintiff's earnings in every representative period of employment consisted of commissions.

13. Plaintiff's regular rate of pay exceeded one and one-half times the applicable minimum wage for every hour worked in every representative period and in which overtime hours may have been worked.

14. Plaintiff received thousands of dollars of compensation in every representative period of his employment with Showroom.

15. Plaintiff was not and is not entitled to further minimum wage compensation.

16. Plaintiff was not and is not entitled to overtime pay.

17. Plaintiff's First, Second, Third and Fourth Causes of Action are defective as a matter of law.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

18. Defendant Showroom is in the business of selling pre-owned ("used") cars.

19. Often, used cars that are made ready for sale require service, repairs or replacement parts, among other things to prepare the car for sale.

20. The costs of service, repairs or replacement parts is added to Showroom's purchase

expenses for cars to be sold.

21. The purchase price plus service, repairs or replacement parts forms the basis for determining transaction profit for each car sold.

22. Plaintiff was paid commission based on the transaction profit for each car sold.

23. Plaintiff did not incur "charge backs" as deductions from his compensation.

24. Plaintiff's Fifth Cause of Action is defective as a matter of law.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

25. Plaintiff received initial notice of the manner, method and timing of his compensation as a commissioned sales representative as required by law.

26. By law signed on December 29, 2014 by Governor Cuomo, the State of New York eliminated the requirement that before February 1 of each year, employers notify and receive written acknowledgment from every worker about their rate of pay, allowances and pay day,

27. Plaintiff's Sixth Cause of Action is defective as a matter of law.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

28. Plaintiff regularly received earnings statements showing all commissions and compensation earned and paid by defendant Showroom.

29. Plaintiff's Seventh Cause of Action is defective as a matter of law.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

30. Defendant Showroom had legitimate, non-discriminatory reason(s) for terminating Plaintiff's employment.

31. Plaintiff's job performance and compliance with company rules were deficient.

32. Plaintiff's termination was based thereon.

33. Plaintiff's Eighth and Ninth Causes of Action are defective and without basis as a

matter of law.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

34. Plaintiff's termination was not based on discriminatory reason(s).

35. Plaintiff's Eighth and Ninth Causes of Action are defective and without basis as a matter of law.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

36. At the time of his separation from employment, Plaintiff was not "disabled " as that term is defined under the New York City Human Rights law.

37. At the time of his separation from employment, Plaintiff did not suffer from a physical, medical, mental or psychological impairment, or a history or record of such impairment as that term is defined by relevant laws.

38. Plaintiff's Eighth and Ninth Causes of Action are defective and without basis as a matter of law.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

39. Plaintiff has received compensation for alleged lost wages by virtue of his recovery under New York State law from an insurance carrier insuring a motorist or vehicle owner ("No-Fault") responsible in whole or part for the accident giving rise to Plaintiff's claimed injuries.

40. Plaintiff has no claim for lost wages or compensation and his Complaint is without basis in law or fact.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

41. Plaintiff is barred from seeking recovery under his Eighth and Ninth Causes of Action or otherwise in this action by virtue of his repeated statements to the New York State Department of Labor Unemployment Insurance office that he was and has been ready, willing and able to return to work and not disabled since on or about July, 2014.

42. As a result of the foregoing, Plaintiff has admitted that he is not a person who suffers from a disability under New York City Human Rights law.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

43. Plaintiff has not requested reasonable accommodation from Defendants for his claimed disability.

44. Plaintiff's Eighth and Ninth Causes of Action are defective as a matter of law.

### AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

45. No reasonable accommodation for Plaintiff's alleged disability exists, and that making an accommodation would cause Defendants undue hardship.

46. Plaintiff's Eighth and Ninth Causes of Action are defective as a matter of law.

### AS AND FOR A TWELFH AFFIRMATIVE DEFENSE

47. Plaintiff has not requested reinstatement and has abandoned his position with Showroom.

48. Plaintiff's Eighth and Ninth Causes of Action are defective as a matter of law.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

49. Plaintiff has failed to state a cause of action upon which relief may be granted.

### AS AND FOR AN FOURTEENTH AFFIRMATIVE DEFENSE

50. Plaintiff has waived the right to pursue the Complaint, and each of its Causes of Action, by reasons of his own actions and conduct.

### AS AND FOR AN FIFTEENTH AFFIRMATIVE DEFENSE

51. Plaintiff is estopped from pursuing the Complaint, and each of its Causes of Action, by reasons of his own actions and conduct.

### AS AND FOR AN SIXTEENTH AFFIRMATIVE DEFENSE

52. The Complaint and each of its Causes of Action, is barred in whole or part, by the after-acquired evidence doctrine.

### AS AND FOR AN SEVENTEENTH AFFIRMATIVE DEFENSE

53. Plaintiffs' claims are barred by the doctrine of unclean hands.

### AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

54. That at all times herein mentioned, the Defendant Bernard Chris Merceus acted in good faith and in his representative capacity only, and not as an individual, and is not personally responsible for any acts committed by Showroom.

### AS AND FOR A FIRST COUNTERCLAIM

55. Plaintiff's Complaint and each of its Causes of Action, is barred in whole or part has been interposed without good faith basis for the claims made therein.

56. Defendant Showroom has and will incur various costs and expenses including but not limited to administrative costs, attorneys fees, and miscellaneous expenses in an amount to be determined at trial.

57. By reason thereof, these answering Defendants have been injured in an amount not presently known, the full extent thereof to be determined upon the trial of this action.

### PRAYER FOR RELIEF

WHEREFORE, Defendants respectfully demand judgment: (a) dismissing the Complaint in its entirety; (b) on the Counterclaim, for indemnification of expenses incurred in the defense of

this action, or such parts thereof as may be found as without basis in law, together with interest thereon, including all attorneys' fees, costs of investigation and disbursements; and (c) such other and further relief as this Court deems just and proper.

### JURY DEMAND

Defendants demand a trial by jury of all issues so triable.

Dated: Forest Hills, New York
January 4, 2016

Yours, etc.,

Ira B. Pollack, Esq.
Ira B. Pollack & Associates, PLLC
Attorneys for Defendants
Showroom Auto, LLC and
Bernard Chris Merceus
118-35 Queens Boulevard, 9th Floor
Forest Hills, NY 11375
Tel.  (718) 261-7700 x181
Fax  (718-709-0071
Email: irabpollack@yahoo.com

### CERTIFICATE OF SERVICE

I certify under penalty of perjury that on the date indicated herein, I electronically filed a copy of the Answer with Affirmative Defenses, Counterclaim and Jury Demand with the Clerk of the Court via ECF. Additionally, I have caused a copy of the filing to be sent via US mail to counsel for Plaintiff at the address set forth above.

Ira B. Pollack

Dated: January 4, 2016