# EXHIBIT A

# SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is between ROY JOHNSTON ("Plaintiff") and SHOWROOM AUTO, LLC and BERNARD CHRIS MERCEUS, on behalf of themselves and all of their subsidiaries, affiliates and parent companies, their partners, related entities, and any of their respective predecessors, successors, assigns, trustees, officers, directors and employees, agents, joint venturers and affiliated owners (collectively, "Defendants" or "Showroom Auto"). Plaintiff and Defendants are collectively referred to herein as the "Parties."

WHEREAS, Plaintiff, on behalf of himself, filed a Complaint with the United States District Court for the Eastern District of New York, captioned *Roy Johnston v. Showroom Auto, LLC and Bernard Chris Merceus*, on November 10, 2015 (the "Lawsuit");

WHEREAS, the Lawsuit alleges violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, et seq., as well as violations under the New York Labor Law ("NYLL"), Article 6, §§ 190 *et seq.*, and Article 19, §§ 650 *et seq.*;

WHEREAS, Plaintiff and Defendants, without any concession or admission of unlawful conduct, liability, fault or wrongdoing, now desire to avoid further litigation and, by this Agreement, intend to resolve all matters raised in the Lawsuit as to themselves only and any and all claims Plaintiff asserted, including wage-related and discrimination claims arising under federal and/or state statutory or common law;

NOW, THEREFORE, in consideration of the mutual promises set out below, the Parties agree as follows:

1. Consideration

In consideration for the promises that Plaintiff has made in this Agreement, Defendants agree to pay the total gross sum of $12,500.00 (the "Settlement Payment") to Plaintiff's Counsel's office, Fitapelli & Schaffer, LLP, 28 Liberty Street, 30th Floor, New York, NY 10005 ("F&S"), apportioned as follows:

    a. The total sum of $4,166.66, to be paid within 5 days after the Effective Date of this Agreement as follows:

        1) **One (1)** check made payable to "Roy Johnston" in the amount of Two Thousand Six Hundred Thirty-Nine Dollars and 28/100 Cents ($2,639.28), which represents alleged unpaid wages under the FLSA and NYLL, for which Plaintiff will receive a Form 1099 from Defendants;

        2) **One (1)** check made payable to "Fitapelli & Schaffer, LLP" in the amount of One Thousand Five Hundred Twenty-Seven Dollars and 38/100 Cents ($1,527.38), in connection with Plaintiff's attorneys' fees, costs and expenses and will be reported to Plaintiff's attorneys on a Form 1099.

b.  The total sum of $4,166.67, to be paid within 35 days after the Effective Date of this Agreement as follows:

1) **One (1)** check made payable to "Roy Johnston" in the amount of Two Thousand Six Hundred Thirty-Nine Dollars and 28/100 Cents ($2,639.28), which represents alleged unpaid wages under the FLSA and NYLL, for which Plaintiff will receive a Form 1099 from Defendants;

2) **One (1)** check made payable to "Fitapelli & Schaffer, LLP" in the amount of One Thousand Five Hundred Twenty-Seven Dollars and 39/100 Cents ($1,527.39), in connection with Plaintiff's attorneys' fees, costs and expenses and will be reported to Plaintiff's attorneys on a Form 1099.

c.  The total sum of $4,166.67, to be paid within 65 days after the Effective Date of this Agreement as follows:

1) **One (1)** check made payable to "Roy Johnston" in the amount of Two Thousand Six Hundred Thirty-Nine Dollars and 28/100 Cents ($2,639.28), which represents alleged unpaid wages under the FLSA and NYLL, for which Plaintiff will receive a Form 1099 from Defendants;

2) **One (1)** check made payable to "Fitapelli & Schaffer, LLP" in the amount of One Thousand Five Hundred Twenty-Seven Dollars and 39/100 Cents ($1,527.39), in connection with Plaintiff's attorneys' fees, costs and expenses and will be reported to Plaintiff's attorneys on a Form 1099.

Defendants will send the Settlement Payments to Plaintiff's attorneys as they became due as provided in this Agreement, so long as: (1) Defendants have been provided with an executed copy of the Agreement signed by Plaintiff; and (2) Defendants have been provided with a Form W-9 from both the individual Plaintiff and F&S.

The Parties agree that the Settlement Payment constitutes good, valid and sufficient consideration for this Agreement and Plaintiff agrees that, upon receipt of the Settlement Payments, he has been properly paid for all hours worked, including minimum wage, overtime pay, or any other employment-related compensation.

Plaintiff acknowledges and agrees that the consideration described above is consideration to which he would not otherwise be entitled and is being paid in exchange for signing and not revoking this Agreement.

Plaintiff represents to Defendants that he will pay all taxes imposed on him by any taxing body as a result of the payments to them as provided for in this Section. However, Defendants shall be exclusively liable to pay their portion of payroll taxes.

2

2.   Dismissal of Claims

The Parties shall execute a Stipulation of Dismissal after the final settlement payment has been made, which Plaintiff shall file with the Court. The Stipulation of Dismissal shall include retention of jurisdiction in the Eastern District of New York for the purpose of enforcement of this Agreement.

3.   Release

In consideration of the promises made by Defendants in this Agreement, Plaintiff releases and forever discharges Defendants from all claims raised or which could have been raised in the Lawsuit, arising only under the Fair Labor Standards Act and the New York Labor Law. Plaintiff agrees that he is waiving all claims he could assert against Defendants under the Fair Labor Standards Act and New York Labor Law, with regards to unpaid wages and disability discrimination, from the beginning of time to the date this Agreement is fully executed.

Excepted from this Release is any claim or right which cannot be waived by law, including claims arising after the date of this Agreement and the right to file a charge with or participate in an investigation conducted by the Equal Employment Opportunity Commission and/or state administrative agency. Plaintiff is waiving his right to any monetary recovery should the EEOC or any other agency pursue any wage-related claims released herein on his behalf.

Moreover, Plaintiff understands and agrees that he may not reinstate the claims that he brings in the Lawsuit or use this Agreement as evidence in, or the subject matter of, any future lawsuit or proceeding against Defendants except in an action instituted by either party alleging a breach of this Agreement. Plaintiff further acknowledges and agrees that the Release is an essential and material term of this Agreement and that no settlement could have been reached by the Parties without this term. Plaintiff further warrants and represents that Plaintiff's counsel has advised him regarding the release in this Section.

4.   Neutral Reference

Plaintiff shall direct any third party seeking a reference to Bernard Chris Merceus regarding his employment with Showroom Auto. Defendants agree that they will only provide a response to any third-party requests for employment references for Plaintiff consisting of Plaintiff's dates of employment, job title(s), and job duties.

5.   Entire Agreement

Plaintiff and Defendants agree that this Agreement shall be construed and enforced in accordance with the laws of the State of New York. Plaintiff and Defendants further agree that this Agreement, along with the Stipulation of Dismissal attached as **Exhibit A**, sets forth the entire agreement between the Parties and supersedes any written or oral understanding, promise, or agreement directly or indirectly related to the subject matter of this Agreement, which is not referred to and incorporated in this Agreement. Plaintiff acknowledges that he has not been induced to enter

this Agreement and has not executed this Agreement in reliance upon any promises, warranties, representations or statements except as specifically set forth in the Agreement.

6. Modifications

No amendment, change or modification of this Agreement shall be effective unless it is in writing and signed by an executive officer of Defendants and Plaintiff.

7. Full Knowledge, Consent, And Voluntary Signing

Plaintiff hereby warrants and represents that:

- he is competent, as a matter of law, to enter into this Agreement;

- he has by this Agreement been advised and encouraged in writing by Defendants to consult with an attorney before signing this Agreement;

- he has relied on his own judgment and that of his counsel regarding the consideration for and language of this Agreement;

- he has been given a reasonable period of time to consider this Agreement;

- he understands this document and has obtained answers to any questions which he has raised about the document; and

- no statements made by Defendants or any other party have in any way coerced or unduly influenced him to execute this Agreement.

8. Competency to Waive Claims

Plaintiff is competent to affect a knowing and voluntary release of claims, as contained herein, and to enter into this Agreement. Plaintiff affirms that he is not affected or impaired by illness, use of alcohol, drugs, medication or other substances or otherwise impaired. To the contrary, Plaintiff confirms that he has a clear and complete understanding of this Agreement. Plaintiff affirms that he is not a party to any bankruptcy, lien, creditor-debtor or other proceeding which would impair the right to settle claims, to waive all claims and to indemnify Defendants from any claims by or relating to said Plaintiff.

9. Effective Date

The "Effective Date" shall be the date the Judge enters an Order granting approval of this Agreement.

10. <u>Headings</u>

The headings or captions of the paragraphs of this Agreement have been inserted for convenience of reference only and shall have no effect upon the construction or interpretation of any part of this Agreement.

11. <u>Construction</u>

The determination of the terms and conditions of this Agreement has been by mutual agreement of the Parties. Each party participated jointly in the drafting of this Agreement, and therefore the terms and conditions of this Agreement are not intended to be, and shall not be, construed against any party by virtue of draftsmanship.

12. <u>Counterparts</u>

This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. Any signature made and transmitted by facsimile, echo-sign, or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding.

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Agreement as of the date set forth below:

*PLAINTIFF*:

**Roy Johnston**

By: _[signature]_

Date: 9/9/16

*DEFENDANTS*:

**Showroom Auto, LLC**

By: _____

Date: _____

**Bernard Chris Merceus**

By: _____

Date: _____

The headings or captions of the paragraphs of this Agreement have been inserted for convenience of reference only and shall have no effect upon the construction or interpretation of any part of this Agreement.

11. Construction

The determination of the terms and conditions of this Agreement has been by mutual agreement of the Parties. Each party participated jointly in the drafting of this Agreement, and therefore the terms and conditions of this Agreement are not intended to be, and shall not be, construed against any party by virtue of draftsmanship.

12. Counterparts

This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. Any signature made and transmitted by facsimile, echo-sign, or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding.

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Agreement as of the date set forth below:

*PLAINTIFF*:

**Roy Johnston**

By: _____

Date: _____

*DEFENDANTS*:

**Showroom Auto, LLC**

By: _____ *[signature]* General Manager

Date: 9/12/16

**Bernard Chris Merceus**

By: _____ *[signature]*

Date: 9/12/16